# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

STEVEN J. HARNDEN,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-367-FHM

## OPINION AND ORDER

Plaintiff, Steven J. Harnden, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 15, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held May 12, 2008. By decision dated July 31, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 14, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 37 years old at the time of alleged onset of disability and 39 at the time of the ALJ's decision. He has a completed high school and attended broadcasting school and formerly worked as assembler, warehouse worker, and delivery driver. He claims to have been unable to work since June 1, 2006 as a result of status post Schwannona resection and small disc herniation resulting in back and leg pain and leg weakness, sleep apnea, and obesity.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to lift and carry 10 pounds, stand and walk at least 2 hours of an 8-hour workday and sit at least 6 hours of an 8-hour workday. [Dkt. 14-2, p. 30]. Although Plaintiff is unable to perform his past relevant work, considering Plaintiff's age, education, work experience and capacity to perform a full range of sedentary work, based on the Medical-Vocational Rules (grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2., Rule 201.28, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

2

The ALJ found, therefore that Plaintiff is not disabled. [Dkt. 14-2, p. 35]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: improperly applied the grids in light of his nonexertional impairments of pain and inability to work at unprotected heights; failed to perform an proper credibility analysis; and failed to properly analyze the treating physician's opinion and other medical sources.

### **Analysis**

Application of the Medical-Vocational Guidelines (Grids)

The Medical-Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2., reflect the existence of jobs in the national economy at various skill, exertional and education levels. When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b). In this case the ALJ applied Grid Rule 201.28 which, based on a residual functional capacity for the full range of sedentary work, considering Plaintiff's age, education, and work experience, directed a finding of not disabled. [Dkt. 14-2, p. 35]. .

Plaintiff argues that application of the Grids was inappropriate because the nonexertional limitations of pain and the inability to work at unprotected heights due to leg weakness and balance problems restrict his performance of the full range of sedentary work. [Dkt. 16, p. 2]. The presence of a nonexertional impairment does not preclude the

3

use of the Grids. Use of the Grids is only precluded to the extent that nonexertional impairments further limit the claimant's ability to perform work at the applicable exertional level. *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

In this case the ALJ found that Plaintiff's pain and leg weakness did not preclude all types of work and found that Plaintiff could perform a full range of sedentary work. [Dkt. 14-2, p. 34]. Since the ALJ did not include non-exertional limitations in the RFC, the undersigned finds that the Grids were appropriately applied to this case.

## Credibility Analysis

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding. Id. at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

Plaintiff argues that the ALJ's credibility analysis is improper because it contained boilerplate language, failed to contain specific links to the evidence, and failed to consider the written statements of lay witnesses and an agency clerk.

The ALJ's decision contains boilerplate language, but it also provides multiple references to medical information in the record to support the finding that Plaintiff's reduced

4

activities of daily living due to weakness of the lower extremities and pain are not supported by the medical evidence to the degree Plaintiff testified. The ALJ noted that following Plaintiff's 2002 surgery to remove a benign tumor on his thoracic spine, an EMG study of the lower extremities revealed no definite neurophysiologic findings to suggest new or increased neurologic deficit following the surgery. [Dkt. 14-2, p. 32; Dkt. 14-7, p. 81]. Rehabilitation notes reflect that Plaintiff made excellent progress. The ALJ noted that at a follow up examination conducted by his surgeon, Dr. Hahn, Plaintiff was reported to ambulate well, but complained of persistent tingling in his feet. [Dkt. 14-2, p. 32; Dkt. 14-7, p. 91]. Plaintiff's claimed onset of disability date was June 1, 2006. The ALJ noted that a consultative examination performed on August 17, 2006 revealed full range of motion with pain during the motion, and normal range of motion in the hips, knees, ankles and toes without deformity. [Dkt. 14-2, p. 32; Dkt. 14-7, pp. 52-54]. An MRI of the thoracic spine performed on June 14, 2007, did not indicate nerve root impingement. [Dkt. 14-2, p. 33; Dkt. 14-7, p. 75]. The ALJ also noted the conclusions of the state Disability Determination Service medical consultants who reviewed the medical record and noted that reduced activities due to weakness and pain were not supported by the medical record. [Dkt. 14-2. p. 33; Dkt. 14-7, pp. 59-67].

The undersigned finds that the ALJ considered appropriate factors relevant to the issues presented and clearly and affirmatively linked his adverse credibility determination to substantial record evidence, despite the existence of disfavored boilerplate language. Because the Court concludes that the ALJ properly linked his credibility findings to the record, there is no reason to deviate from the general rule which accords deference to the ALJ's credibility determinations. *See James v. Chater,* 96 F.3d 1341, 1342 (10th Cir.

1996)(witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

The undersigned rejects Plaintiff's contention that the decision should be reversed because the ALJ failed to discuss the observations of an Agency clerk. The Agency clerk completed a Disability Report–Field Office-Form SSA-3367, which appears in the record. [Dkt. 14-6, pp. 2-6]. In that report, the clerk noted: "He walked with an unusual stride and seemed to stumble slightly when he took each step." *Id*. at 5. The regulation Plaintiff cited to support the necessity of discussing that observation, 20 C.F.R. Pt. 404, Subpt. P, App.1 §12.00 (D)(1)(c), deals with the evaluation of disability based on an alleged mental disorder and has nothing to do with this case.

The undersigned also rejects Plaintiff's contention that the case should be reversed for consideration of materials submitted after the hearing to the Appeals Council. The regulations permit one seeking Appeals Council review of an ALJ's decision to submit additional evidence. 20 C.F.R. § 404.968(a). The regulations also state "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Evidence is considered new within the meaning of § 404.970(b) if it is not duplicative or cumulative. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).

Following the ALJ's decision, Plaintiff submitted three letter signed by himself, two letters signed by Tina Cartee, his roommate, and one signed by someone named Loren Bacon. [Dkt. 14-2, pp. 7-21]. These letters contain complaints about the length of time it has taken to get a decision and descriptions of Plaintiff's physical complaints that echo

6

those voiced in his hearing testimony. The undersigned finds that the letters are cumulative of the evidence already in the file and therefore it is not necessary to remand the case for consideration of the letters.

## Treating Physician's Opinion

The record contains a note dated June 29, 2007, written on the prescription pad of Colm P. McCauley, D.O. which says: "Steve is currently unable to hold employment due to his chronic medical condition." [Dkt. 14-8, p. 2]. The ALJ quoted this note and rejected it stating: "There were no additional records submitted with the work restriction to substantiate the physician's statement. In addition, Dr. McCauley's opinion appears to rely in part on an assessment with no treatment and the claimant's subjective report of symptoms and limitations, seemingly accepting as true, most if not all, of what the claimant reported." [Dkt. 14-2, p. 33].

Plaintiff stated that the ALJ did not perform a proper analysis of this opinion and asserts that it was the ALJ's responsibility to recontact the doctor for additional records. The undersigned finds the ALJ had no duty to contact Dr. McCauley. The ALJ's duty to contact a medical source for additional information is triggered when the evidence is inadequate for the ALJ to make a determination of disability. 20 C.F.R. § 404.1512(e); *cf. White v. Barnhart*, 287 F.3d 903, 908-09 (10th Cir. 2001) (noting rejection of treating physician opinion does not trigger the duty to recontact when record is adequate for consideration). In the present case the ALJ had adequate information from which to make a decision.

In addition, the work restriction note of Dr. McCauley is not a medical opinion under the regulations. Not all of a physician's opinions are "medical opinions" which are entitled

7

to be evaluated under the Social Security regulations. The term "medical opinions" is reserved for "judgments about the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical and mental restrictions." 20 C.F.R. § 404.1527(a)(2). In contrast, judgments that go beyond purely medical findings to reach "issues reserved to the Commissioner" such as Dr. McCauley's statement that Plaintiff is "unable to hold employment" under the regulations "are not medical opinions, as described in paragraph (1)(2) of this section." *Id.*, §404.1527(e). The distinction is a significant one because no special significance is accorded to an opinion on a subject reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(3). The undersigned finds that no special significance is accorded to Dr. McCauley's opinion.

## **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 27th day of April, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE